J-A05004-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| AMIR JAMAL | |
| Appellant | No. 2401 EDA 2013 |

Appeal from the Judgment of Sentence July 31, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010549-2011

BEFORE:  GANTMAN, P.J., SHOGAN, J., and ALLEN, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED MARCH 09, 2015**

Appellant, Amir Jamal, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his jury trial convictions for three (3) counts each of criminal attempt and aggravated assault, and one (1) count each of first degree murder, carrying a firearm without a license, carrying a firearm on public streets in Philadelphia, and possessing instruments of crime.[1]  We affirm.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case.  Therefore, we have no reason to restate them.

Appellant raises four issues for our review:

---

[1] 18 Pa.C.S.A. §§ 901, 2702, 2502(a), 6106, 6108, 907, respectively.

DID THE TRIAL COURT ERR AND ABUSE ITS DISCRETION IN ADMITTING AN ANONYMOUS 911 CALL IDENTIFYING APPELLANT AS THE SHOOTER WHERE THE FACTS SUGGEST THAT THE CALLER'S PURPOSE WAS TO IMPLICATE APPELLANT, RATHER THAN TO RESPOND TO AN ONGOING EMERGENCY, AND THAT THE CALLER DID NOT PERSONALLY WITNESS THE SHOOTING?

DID THE TRIAL COURT ERR AND ABUSE ITS DISCRETION IN ALLOWING WITNESS LAMAR MORRIS TO PROVIDE EVIDENCE ABOUT HIS STEP-BROTHER'S MENTAL HEALTH, WHICH WAS BOTH IRRELEVANT AND LAY OPINION TESTIMONY WITHOUT STATEMENT OF THE FACTS AND OBSERVATIONS UPON WHICH IT WAS BASED?

DID THE TRIAL COURT ABUSE ITS DISCRETION IN ADMITTING TESTIMONY ABOUT THE PROCESS FOR SECURING ARREST AND SEARCH WARRANTS WHICH REPEATEDLY REFERRED TO THE OFFICER SWEARING AND SECURING THE DISTRICT ATTORNEY AND PROSECUTOR'S APPROVAL OF THE FACTS IN THE AFFIDAVIT OF PROBABLE CAUSE, THUS IMPROPERLY BOLSTERING THE PROSECUTION'S CASE?

DID THE TRIAL COURT ERR AND ABUSE ITS DISCRETION BY ADMITTING TESTIMONY AND ARGUMENT ABOUT COMMONWEALTH WITNESS DERRICK PHILLIPS BEING INTIMIDATED WHERE THERE WAS NO EVIDENCE THAT APPELLANT WAS CONNECTED TO ANY INTIMIDATION?

(Appellants' Brief at 1-2).

"Admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." *Commonwealth v. Drumheller*, 570 Pa. 117, 135, 808 A.2d 893, 904 (2002), *cert. denied*, 539 U.S. 919, 123 S.Ct. 2284, 156 L.Ed.2d 137 (2003) (quoting *Commonwealth v. Stallworth*, 566 Pa. 349, 363, 781 A.2d 110, 117 (2001)).

> Admissibility depends on relevance and probative value. Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable or supports a reasonable inference or presumption regarding a material fact.

*Drumheller, supra* at 135, 808 A.2d at 904 (quoting *Stallworth, supra* at 363, 781 A.2d at 117-18).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Steven R. Geroff, we conclude Appellant's issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, dated May 23, 2014, at 7-19) (finding: **1)** court properly admitted recording of telephone call to 911 operator; unidentified caller's statements were non-testimonial and did not violate Confrontation Clause of Pennsylvania or United States Constitutions; caller telephoned 911 twelve minutes after shooting; call came from payphone approximately four blocks away from crime scene; shooting left several people injured and caused mass exodus from crowded public park; 911 call occurred during heat of moment and while shooter remained uncaptured; caller made statements to obtain police assistance; **2)** court properly admitted Mr. Morris' testimony that his step-brother, David Nole, has mental problems; Mr. Morris was eyewitness to shooting; Mr. Morris' first statement to police described shooter as light-skinned; Mr. Morris' second statement to police identified Appellant as shooter; Mr. Morris also identified Appellant as

shooter at trial; on cross-examination, defense counsel forced Mr. Morris to concede Appellant is not light-skinned; Mr. Morris explained Mr. Nole told him shooter was light-skinned, but Mr. Nole had mental problems and was easily confused; Mr. Morris' testimony about Mr. Nole was not elicited for opinion itself, but to provide reason why Mr. Morris would discount Mr. Nole's statements; moreover, Mr. Morris was competent to provide opinion about Mr. Nole; even if court improperly admitted Mr. Morris' testimony, any error was harmless; **3)** court properly admitted Detective Jenkins' testimony detailing process for obtaining arrest and search warrants; Superior Court rejected similar arguments in ***Commonwealth v. Stokes***, 38 A.3d 846 (Pa.Super. 2011), holding police testimony regarding district attorney's approval of criminal charges did not result in impermissible bolstering; **4)** court did not err in admitting Detective Jenkins' testimony regarding Commonwealth witness' interaction with gallery members outside courtroom; Detective Jenkins testified that unidentified gallery members approached Mr. Phillips while he was sequestered; Detective Jenkins did not hear conversation between Mr. Phillips and gallery members, but detective added that Mr. Phillips was reluctant to testify; during closing argument, prosecutor speculated gallery members told Mr. Phillips not to identify Appellant as shooter; testimony and closing argument did not result in unfair trial; Detective Jenkins did not testify that gallery members threatened Mr. Phillips, and jury could not conclude gallery members spoke to Mr. Phillips on

Appellant's behalf; regarding closing argument, prosecutor's remark amounted to comment on potential for false testimony due to pressure within community; prosecutor's remark did not have unavoidable effect of prejudicing jury). Accordingly, we affirm on the basis of the trial court opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/2015